IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS ALLRED, on behalf of himself and all others similarly situated, )<br>)<br>*Plaintiff*,  )<br>)<br>v.  )<br>)<br>PEOPLES NATIONAL BANK, N.A.,  )<br>)<br>*Defendant*.  )<br>_____)  | Case No. 3:20-cv-527-JPG |

### DEFENDANT PEOPLES NATIONAL BANK, N.A.'S
### MOTION TO STRIKE PLAINTIFF'S PRAYER FOR ATTORNEYS' FEES

Pursuant to Rule 12(f), Defendant Peoples National Bank, N.A. ("PNB") moves to strike Plaintiff's prayer for attorneys' fees in the Complaint (Doc. 1). The Complaint does not identify any authority—either by contract or statute—allowing Plaintiff to recover attorneys' fees. His prayer for attorneys' fees should therefore be stricken as immaterial and impertinent.

### BACKGROUND FACTS

1. Plaintiff's putative class action complaint asserts two claims: (I) breach of contract, including breach of the covenant of good faith and fair dealing; and (II) violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"). Compl. ¶¶ 68-90.

2. Plaintiff requests, among other relief, reimbursement of "all costs, expenses, and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees[.]" Compl. ¶ G.

3. The Complaint does not identify any agreement that allows Plaintiff to recover attorneys' fees.

4. The Complaint does not cite any provision of the Account Contract that allows Plaintiff to recover attorneys' fees.

1

5. The Account Contract authorizes PNB to recover costs and reasonable attorneys' fees incurred "as a result of collection or in any other dispute involving [Plaintiff's] account" and/or "in responding to legal action" relating to Plaintiff's account. Compl. Ex. A (Doc. 1-1) ¶¶ 3, 30.[1]

6. The Account Contract contains no similar provision allowing Plaintiff to recover attorneys' fees. *See* Compl. Ex. A (Doc. 1-1).

## ARGUMENTS AND AUTHORITIES

Plaintiff has no legitimate basis to recover attorneys' fees in this action. Neither the Account Contract nor the Illinois Deceptive Trade Practices Act permits Plaintiff to do so. *See* Memorandum in Support of Defendant's Motion to Dismiss, filed contemporaneously with this Motion to Strike. As a result, Plaintiff's request is impertinent, immaterial, and results in unfair prejudice to PNB. The request will cause undue burden on PNB by having to litigate the issue of attorneys' fees more than once during the various stages of a proposed class action.

**I.    Standard for Motion to Strike Request for Attorneys' Fees**

Rule 12(f) allows the Court to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike are generally disfavored, they may be used to expedite a case and "remove unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike is appropriate where the challenged allegations "have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Beatty v. Accident Fund Gen.*

---

[1] The Account Contract also specifically authorizes PNB to recover attorneys' fees in connection with stop payments. *Id.* at ¶ 8.

2

*Ins. Co.*, No. 317CV01001NJRDGW, 2018 WL 3219936, at *13 (S.D. Ill. July 2, 2018) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.)).

Illinois follows the American rule with respect to attorneys' fees, meaning that "absent statutory authority or a contractual agreement between the parties, each party to litigation must bear its own attorney fees and costs, and may not recover those fees and costs from an adversary." *Morris B. Chapman & Assoc., Ltd., v. Kitzman*, 739 N.E.2d 1263, 1271 (Ill. 2000). In other words, "attorney's fees in Illinois are only available when authorized by statute or agreement." *See also Brown v. City of Mounds, Ill.*, No. 08–861–DRH, 2009 WL 3055490, *5 (S.D. Ill. 2009).

Courts regularly grant motions seeking to strike requests for attorneys' fees where the plaintiff fails to cite a statute or agreement that allows him/her to recover attorneys' fees. *E.g.*, *Hassebrock v. Bernhoft*, No. 10–cv–679–JPG–DGW, 2014 WL 1758884, *8 (S.D. Ill. May 2, 2014); *Brown v. City of Mounds, Ill.*, No. 08–861–DRH, 2009 WL 3055490, *5 (S.D. Ill. 2009); *McNichols v. Weiss*, No. 18 C 2125, 2018 WL 5778413, *9 (N.D. Ill. Nov. 2, 2018).

**II.    Plaintiff is Not Entitled to Attorneys' Fees under the Account Contract.**

Plaintiff has not and cannot show that the requested attorneys' fees are authorized by contract. The Complaint does not allege that the Account Contract as a whole allows Plaintiff to recover attorneys' fees. Nor does the Complaint cite any provision of the Account Contract, or any other contract, that authorizes Plaintiff to recover attorneys' fees. Because Plaintiff has failed to plead a contractual basis for his request, the request should be stricken. *See, e.g.*, *Limousine Werks, Inc. v. Flaherty Mfg., Inc.*, No. 88 C 1249, 1989 WL 8553, at *6 (N.D. Ill. Jan. 31, 1989) (citing *Qazi v. Ismail*, 50 Ill. App. 3d 271, 273, 364 N.E.2d 595, 597 (1977)) (striking prayer for attorneys' fees where no allegation that parties' contract provided for recovery of attorneys' fees; the court will not infer the existence of such a provision).

An amended pleading could not cure this problem. Plaintiff cannot identify anything in the Account Contract that authorizes him to recover attorneys' fees. The Account Contract expressly authorizes PNB to recover attorneys' fees arising from disputes and litigation related to Plaintiff's account. *See* Compl. Ex. A (Doc. 1-1) ¶¶ 3, 30. There is no similar language in favor of Plaintiff. *See* Compl. Ex. A (Doc. 1-1). By granting such rights in favor of PNB and omitting similar language in favor of Plaintiff, the parties expressed a clear intention not to confer such rights on Plaintiff. *See, e.g.*, *Citicorp Leasing, Inc. v. Meridian Leasing Corp.*, No. 91 C 7810, 1992 WL 211050, at *3 (N.D. Ill. Aug. 27, 1992) (striking prayer for attorneys' fees where plain language of agreement was clear and showed parties did not contract for attorneys' fees arising from the types of claims at issue).[2]

In sum, Plaintiff has not and cannot show that his requested attorneys' fees are authorized by contract. Absent some statutory authority, Plaintiff's request for attorneys' fees is immaterial, impertinent, prejudicial, and must be stricken.

---

[2] Paragraph 34 of the Account Contract relates to claimed credits or refunds "because of a forgery, alteration, or any other unauthorized withdrawal." Compl. Ex. A (Doc. 1-1) ¶ 34. That paragraph states in part that "[u]nless we have acted in bad faith, we will not be liable … for attorneys' fees incurred by you." *Id*. Paragraph 34 is irrelevant here. Plaintiff claims that PNB's assessing a second NSF fee on his check violated the Account Contract. Compl. ¶¶ 29-31, 36-37. But Plaintiff admits that Huck's second attempt to withdraw funds did not actually result in a withdrawal because Plaintiff had insufficient funds in his account. Compl. ¶¶ 29-30. As a result, the issue is not an allegedly unauthorized *withdrawal*, but rather whether PNB erred in assessing a second fee. Plaintiff needed to report the supposed error under Paragraph 12, not under Paragraph 34 as an "unauthorized withdrawal." *See generally National Cas. Co. v. McFatridge*, 604 F.3d 335, 340 (7th Cir. 2010) (courts construe contracts as a whole and "will not strain to interpret a particular provision in a way that would render another provision meaningless").

Further, Paragraph 34 does not affirmatively provide remedies for a breach of contract claim. Instead, as permitted under the UCC, it limits PNB's liability for forgeries, alterations, and unauthorized withdrawals unless "bad faith" has been shown, in which case such a limitation is not permitted. See 810 ILCS 5/4-103(a) (allowing parties to vary provisions of UCC article 4 except that parties cannot disclaim bank's liability for lack of good faith or limit measure of damages for lack of good faith). As such, the "bad faith" requirement under that provision sounds in tort and is beyond the elements of a breach of contract claim. *See Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019).

### III.     Plaintiff is Not Entitled to Attorneys' Fees under the IUDTPA.

Plaintiff has not and cannot show that he is entitled to attorneys' fees based on statutory authority.  First, there is no statutory authority to recover attorneys' fees in a common law breach of contract action, so the prayer for attorneys' fees as to Count I should be stricken because it is neither authorized by contract nor statute.  Second, although there is statutory authority to recover attorneys' fees under the IUDTPA if the Court finds the defendant "willfully engaged in a deceptive trade practice," *see* 815 ILCS § 510/3, Plaintiff fails to state a claim under the IUDTPA for the reasons discussed in PNB's Motion to Dismiss, so Count II is subject to dismissal and the associated prayer for attorneys' fees should be stricken.

### CONCLUSION

PNB respectfully requests the Court strike Plaintiff's prayer for attorneys' fees in the Complaint.

Respectfully submitted,

SPENCER FANE LLP

/s/ Megan D. Meadows
David M. Harris          #IL3127177
(Lead Counsel) (*pro hac vice pending*)
Megan D. Meadows       #IL6314885
1. N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone: (314) 863-7733
Facsimile: (314) 862-4656
dharris@spencerfane.com
mmeadows@spencerfane.com

> John C. Nettels (*pro hac vice pending*)
> SPENCER FANE LLP
> 1000 Walnut Street, Suite 1400
> Kansas City, MO 64106
> Telephone: (816) 474-8100
> Facsimile: (816) 474-3216
> jnettels@spencerfane.com
>
> *Attorneys for Defendant Peoples National Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Southern District of Illinois on the 11th day of September, 2020, with notice of case activity generated and sent to counsel of record.

/s/ David M. Harris

SL 3997527.1