IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS ALLRED, on behalf of himself and all others similarly situated,<br><br>          *Plaintiff*,<br>v.<br><br>PEOPLES NATIONAL BANK, N.A.,<br><br>          *Defendant*. | Case No. 3:20-cv-527-DWD |

**DEFENDANT PEOPLES NATIONAL BANK, N.A.'S
MOTION TO STRIKE PLAINTIFF'S PRAYER FOR ATTORNEYS' FEES**

Pursuant to Fed. R. Civ. P. 12(f), Defendant Peoples National Bank, N.A. ("PNB") moves the Court to strike Plaintiff's prayer for attorneys' fees in the Amended Complaint (Doc. 31). The Amended Complaint cites no authority—either by contract or statute—allowing Plaintiff to recover attorneys' fees. His prayer for such recovery should therefore be stricken as immaterial and impertinent.

**BACKGROUND FACTS**

1. Plaintiff's Amended Complaint asserts two causes of action: (I) breach of contract, including breach of the covenant of good faith and fair dealing; and (II) violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"). Amnd. Compl. ¶¶ 53–71.

2. Plaintiff requests, among other relief, reimbursement of "all costs, expenses, and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees[.]" Amnd. Compl. ¶ E.

3. The Amended Complaint does not identify any agreement between the parties that allows Plaintiff to recover attorneys' fees.

1

4. The Amended Complaint does not cite any provision of the Account Contract that allows Plaintiff to recover attorneys' fees.

5. The Account Contract does, however, authorize PNB to recover costs and reasonable attorneys' fees it incurs "as a result of collection or in any other dispute involving [Plaintiff's] account" and/or "in responding to legal action" relating to Plaintiff's account. Amnd. Compl. Ex. A (Doc. 31-1) ¶¶ 3, 30.

6. The Account Contract contains no similar provision allowing Plaintiff to recover attorneys' fees. *See* Amnd. Compl. Ex. A (Doc. 31-1).

## ARGUMENTS AND AUTHORITIES

Plaintiff has no legitimate basis to recover attorneys' fees in this action. Neither the Account Contract nor the Illinois Deceptive Trade Practices Act permits Plaintiff to do so. As a result, Plaintiff's request is impertinent, immaterial, and will cause unfair prejudice to PNB caused by the needless burden of litigating the issue of attorneys' fees.

**I.     Standard for Motion to Strike Request for Attorneys' Fees**

Rule 12(f) allows the Court to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While motions to strike are disfavored, they may be used to expedite a case and "remove unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). One is appropriate where the challenged allegations "have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Beatty v. Accident Fund Gen. Ins. Co.*, No. 317CV01001NJRDGW, 2018 WL 3219936, at *13 (S.D. Ill. July 2, 2018) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.)).

Illinois follows the American rule on attorneys' fees, meaning that "absent statutory authority or a contractual agreement between the parties, each party to litigation must bear its own attorney fees and costs, and may not recover those fees and costs from an adversary." *Morris B. Chapman & Assoc., Ltd., v. Kitzman*, 739 N.E.2d 1263, 1271 (Ill. 2000). In other words, "attorney's fees in Illinois are only available when authorized by statute or agreement." *See also Brown v. City of Mounds, Ill.*, No. 08–861–DRH, 2009 WL 3055490, *5 (S.D. Ill. 2009).

Courts regularly strike requests for attorneys' fees where the plaintiff fails to cite a statute or agreement allowing them. *E.g.*, *Hassebrock v. Bernhoft*, No. 10–cv–679–JPG–DGW, 2014 WL 1758884, *8 (S.D. Ill. May 2, 2014); *Brown v. City of Mounds, Ill.*, No. 08–861–DRH, 2009 WL 3055490, *5 (S.D. Ill. 2009); *McNichols v. Weiss*, No. 18 C 2125, 2018 WL 5778413, *9 (N.D. Ill. Nov. 2, 2018).

## II. Plaintiff is Not Entitled to Attorneys' Fees under the Account Contract.

Plaintiff has not and cannot show that his recovering attorneys' fees is permitted by the Account Contract. The Amended Complaint does not allege that the Account Contract as a whole allows Plaintiff to recover them, nor does it cite any specific provision allowing such recovery. Because Plaintiff has failed to plead a contractual basis for his request, the Court should strike it. *See, e.g.*, *Limousine Werks, Inc. v. Flaherty Mfg., Inc.*, No. 88 C 1249, 1989 WL 8553, at *6 (N.D. Ill. Jan. 31, 1989) (citing *Qazi v. Ismail*, 50 Ill. App. 3d 271, 273, 364 N.E.2d 595, 597 (1977)) (striking prayer for attorneys' fees where no allegation that parties' contract provided for recovery of attorneys' fees; the court will not infer the existence of such a provision).

The Amended Complaint does not cure this problem. The Account Contract expressly authorizes PNB to recover attorneys' fees arising from disputes and litigation related to Plaintiff's account. *See* Amnd. Compl. Ex. A (Doc. 31-1) ¶¶ 3, 30. There is no reciprocal language in

Plaintiff's favor. *Id.* By granting such rights to PNB but withholding them from Plaintiff, the parties expressed their clear intent on how such rights were to be allocated. *See, e.g.*, *Citicorp Leasing, Inc. v. Meridian Leasing Corp.*, No. 91 C 7810, 1992 WL 211050, at *3 (N.D. Ill. Aug. 27, 1992) (striking prayer for attorneys' fees where plain language of agreement was clear and showed parties did not contract for attorneys' fees arising from the types of claims at issue).[1]

### III. Plaintiff is Not Entitled to Attorneys' Fees under the IUDTPA.

Nor can Plaintiff show that he is entitled attorneys' fees by statute or at common law. Illinois does not allow for recovering attorneys' fees in a common law breach of contract action. Although the IUDTPA allows such recovery if the Court finds the defendant "willfully engaged in a deceptive trade practice," *see* 815 ILCS § 510/3, Plaintiff fails to state a claim under the IUDTPA for the reasons discussed in PNB's Motion to Dismiss the Amended Complaint. The associated prayer for attorneys' fees in Count II should therefore be stricken as well.

---

[1] Paragraph 34 of the Account Contract relates to claimed credits or refunds "because of a forgery, alteration, or any other unauthorized withdrawal." Amnd. Compl. Ex. A (Doc. 31-1) ¶ 34. That paragraph says "[u]nless we have acted in bad faith, we will not be liable … for attorneys' fees incurred by you." *Id.* Plaintiff claims that PNB's assessing a second NSF fee violated the Account Contract. Amnd. Compl. ¶¶ 25–27. Plaintiff admits, however, that the merchant's second attempt to withdraw funds did not result in a withdrawal. This is because Plaintiff had insufficient funds in his account. *Id.* As a result, the issue is not an allegedly unauthorized *withdrawal*, but rather whether PNB erred in assessing a second NSF fee. Plaintiff should have reported the alleged error under Paragraph 12, not under Paragraph 34 as an "unauthorized withdrawal." *See generally National Cas. Co. v. McFatridge*, 604 F.3d 335, 340 (7th Cir. 2010) (courts construe contracts as a whole and "will not strain to interpret a particular provision in a way that would render another provision meaningless").

Further, Paragraph 34 provides no remedies for a breach of contract claim. Instead, it merely limits PNB's liability for forgeries, alterations, and unauthorized withdrawals unless "bad faith" has been shown. *See* 810 ILCS 5/4-103(a) (allowing parties to vary provisions of UCC article 4 except that parties cannot disclaim bank's liability for lack of good faith or limit measure of damages for lack of good faith). As such, the "bad faith" requirement under that provision sounds in tort and is beyond the scope of a breach of contract claim. *See Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019).

## CONCLUSION

PNB respectfully requests the Court strike Plaintiff's prayer for attorneys' fees in the Amended Complaint.

Respectfully submitted,

SPENCER FANE LLP

/s/ Megan D. Meadows
David M. Harris        #IL3127177
(Lead Counsel) (*pro hac vice*)
Megan D. Meadows       #IL6314885
1. N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone: (314) 863-7733
Facsimile: (314) 862-4656
dharris@spencerfane.com
mmeadows@spencerfane.com

John C. Nettels (*pro hac vice*)
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone:  (816) 474-8100
Facsimile:  (816) 474-3216
jnettels@spencerfane.com

*Attorneys for Defendant Peoples National Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Southern District of Illinois on the 9th day of October, 2020, with notice of case activity generated and sent to counsel of record.

/s/ Megan D. Meadows

SL 4042776.1